[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15887
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cr-80053-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD MARGUS YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2017)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Donald Young appeals his 84-month sentence for conspiracy with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846.  On appeal, Young argues that: (1) the district court clearly erred in denying him a mitigating role adjustment because the conspiracy for which he was convicted only involved 84 grams of cocaine, while a larger, related conspiracy involved a much greater quantity; and (2) his 84-month sentence, at the low end of the advisory guidelines range of 84 to 105 months' imprisonment, was substantively unreasonable.  After review, we affirm.

## I.    MINOR OR MITIGATING ROLE

The district court did not clearly err in denying Young's request for a role reduction under U.S.S.G. § 3B1.2.[1]  In calculating Young's offense level, the district court held Young accountable for only the 84-gram amount of cocaine base that he admitted he was personally involved with, and not the much larger amount of drugs from the related Latin Kings gang's drug conspiracy.  In other words, Young's relevant conduct was the same as his actual conduct in the drug conspiracy.  See United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc) (instructing courts to consider the defendant's role in relation to the relevant conduct attributed to the defendant at sentencing).  Thus, Young "cannot prove that

---

[1]A district court's determination of a defendant's role in the offense is a finding of fact that we review for clear error.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

he is entitled to a minor-role adjustment simply by pointing to [the larger Latin Kings drug conspiracy] for which he was not held accountable." See United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006).

Second, Young did not have a minor or minimal role compared to other participants in his relevant conduct. See De Varon, 175 F.3d at 945 (explaining that courts may also compare the defendant's conduct against that of the other participants in the relevant conduct). The undisputed record established that Young purchased powder cocaine from Joseph O'Connor and Samuel Alvarado on several occasions, which he converted into crack and prepared for distribution. According to intercepted telephone calls about these drug deals, Young was particular about the quality of the cocaine he received and also about "cooking" the cocaine himself, that he had taken a $30,000 loss on one transaction, and that he had paid up to $1,300 an ounce for cocaine.

These facts do not show that Young was substantially less culpable than either O'Connor or Alvarado, the only other two identified participants in the drug deals. See U.S.S.G. § 3B1.2 cmt. n.3(C); see also De Varon, 175 F.3d at 944 (explaining that it is possible to have no minor or minimal participant). Rather, these facts show that Young understood the scope and structure of the criminal activity in which he was involved, exercised some degree of authority over it, and stood to gain from it, undermining Young's argument that he was only a minor or

minimal participant in his own relevant conduct.  See U.S.S.G. § 3B1.2 cmt. n.3(C)

(listing factors the district court considers in assessing the defendant's role).  Given

the undisputed facts, the district court's finding that Young played more than a

minor role in the drug conspiracy was not clear error.

## II.  SUBSTANTIVE REASONABLENESS

Using a two-step process, we review the reasonableness of a sentence for an

abuse of discretion.  United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014).

We look first at whether the district court committed any significant procedural

error.  Id.[2]  Then, we consider whether the sentence is substantively unreasonable

in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing

factors.  Id.[3]  We will reverse only "if we are left with the definite and firm

conviction that the district court committed a clear error of judgment in weighing

the § 3553(a) factors by arriving at a sentence that lies outside the range of

reasonable sentences dictated by the facts of the case."  Id. at 893 (quotation marks

omitted).  The party challenging the sentence bears the burden of showing that it is

---

[2]Apart from Young's meritless claim that he should have received a role reduction under U.S.S.G. § 3B1.2, he does not identify any procedural error at his sentencing or argue that his sentence is procedurally unreasonable.

[3]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

substantively unreasonable.  United States v. Asante, 782 F.3d 639, 648 (11th Cir. 2015).

Young has not carried his burden to show his sentence is substantively unreasonable.  First, Young's 84-month sentence is at the low end of the advisory guidelines range of 84 to 105 months and well below the 40-year statutory maximum for his offense, two indications of reasonableness.  See Cubero, 754 F.3d at 898.  Furthermore, Young, at age 29, already had a lengthy prior criminal history that included multiple convictions for violence and firearms, resulting in the highest criminal history category of VI.  In fact, two of Young's convictions, for which he would have acquired two additional criminal history points, were not counted toward his criminal history score because he had already reached the maximum number of points under § 4A1.1(c).  While Young argues that many of his convictions were for "minor" driving offenses, such as driving without a license, most of these offenses, as well as many of his drug possession offenses, did not receive any criminal history points.  Young's 84-month sentence properly accounts for his extensive criminal history.

Young's sentence also reflects the seriousness of his offense, given his involvement with the Latin Kings drug trafficking organization run by Alvarado, and Young's role in converting and preparing to distribute crack cocaine on the street.  The district court was within its discretion in declining to assign greater

weight to other considerations, such as Young's history of substance abuse, his family situation, and his reasons for initially withdrawing his guilty plea.  See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) ("[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.") (quotation marks omitted).  In sum, we cannot say the district court abused its discretion when it refused to grant Young's request for a downward variance.

**AFFIRMED.**